UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF WISCONSIN

QUORDALIS V SANDERS,
      PLAINTIFF,

   V                                        COMPLAINT NO. _____

T. MOON, J. MUENCHOW, K. TRENT,
SGT. YORK, and OFF. WALLS.           21-cv-94-wmc
      DEFENDANTS.

PETITION FOR LEAVE / CIVIL COMPLAINT

Plaintiff, Quordalis V. Sanders, a State Prisoner Presently confined at the Waupun Correctional Institution (WCI), Petition the U.S. District Court Western District of Wisconsin, Pursuant to 28 U.S.C. § 1915 (g), for leave to file a civil complaint, herein, the above named Defendants, and to proceed in forma pauperis, presenting the following exceptional facts and circumstances that at all times places an inmate within imminent danger;

Defendant, T. Moon, is Presently employed at (WCI), as an Inmate Complaint Examiner (ICE), is responsible the failure to protect and secure the Plaintiff's Personal Safety, herein, the institution at (WCI);

Defendant, J. Muenchow, is also presently employed at (WCI) as an ICE. He also is responsible for the failure to protect the Plaintiff from both Physical and sexual harassment by staff here at (WCI);

Defendant, K. Trent, is presently employed at (WCI), as a Security Supervisor, over Inmate's Property Room (IPR). He is responsible for the unnecessary filing of Inmate complaint regarding Plaintiff's Personal Property and unjust deprivation, thereof;

Defendant, Sgt. York, is Presently employed at (WCI) as a Security Correctional officer and Sergeant over the (IPR). He is also responsible the negligence of the proper process of Personal data in the transaction of the Repair/Exchange, and mailing out of Inmates' Personal Property back to company consistent with warranty;

Defendant, Off. Walls, is presently employed at (WCI) as a Correctional Security officer. He is responsible for the delivery of Plaintiff's Personal Property and to have proper inquired to others in the Property Room about whether there was any prior transaction for Repair/Exchange of the same property, rather than holdin' back the Plaintiff's Personal Property for 2-days and came back and placed a 90-day-hold on the property.

## STATEMENT OF CLAIM

On January 7, 2021, I, the Plaintiff, Quardalis v. Sanders, while being confined here at (WCI) within the South Cell Hall (SCH) in F-21, with roommate, John Doe, was physically assaulted and battered and taken to the outside hospital (Waupun Memorial) where I received three stitches within my forehead, from where I where I was hit with the part that you talk on.

Whereas although the evidence showed that I didn't do anything wrong to my roommate to cause him to want to have caused physical harm to me, other than I had to have defended myself, upon arriving back in the institution, here at (WCI) from the hospital, I was placed in TLU-Segregation within the Segregation unit here at (WCI) for a whole week upon being released back to the general prison's population on January 14, 2021, where I was resigned to the Northwest Cell Hall (NWCH) and placed in cell #5-39 with another inmate, inmate, John Doe.

On January 23, 2021, upon having being harassed by my roommate, while using the bathroom, I filed an inmate complaint presenting these facts, in combined with the fact that one of the main reasons why I was battered, in the first place, by my other roommate, was because I was doubled-up, and thus, that the institution had failed to protect me and secure my personal safety, here at (WCI), as a sex offender, in relation to the crime(s) that am in prison upon, where the roommate who assaulted me was/is from the state of New Jersey, and would always say to other inmates that he would be talking to next door in cell #F-20, #22, that he trying not to have to and put hands on me in the cell with him because where he from sex offenders could not live out into the general prison's population, which I believe this was his motive to have physically assaulted me.

On January 27, 2021, Defendant T. Moon, acting as the (ICE), at her own discretion, falsified the post date upon having received the complaint which should have been the next day (1/24/2021-Monday, where I put it in 1/23/2021-Sunday Night) to have caught-up with the delay and failure to have undertaken immediately action on my behalf to have protect me and secured my personal safety within the institution, here at (WCI), as a sex offender, where Defendant, Moon, also refused to accept the complaint based upon a "single cell" issue alone, although I had presented the same facts, presented herein in the inmate complaint.

Whereas upon having received a copy of Defendant's Moon's decision (on 1/27/2021), I wrote to my sister, Anita Sanders, of Racine, Wisconsin, and included the inmate complaint that I had filed and asked her to contact a civil rights attorney or organization to file a civil rights violation against (WCI) for failure to protect and secure my personal safety, as a sex offender, in relation to the crime(s) that am being held

in Prison for, which I haven't received any respond back from my sister, acknowledging, that she had got the letter, although the institution suppose to keep a record of everything that an inmate file and should have a copy of the inmate complaint and ICE's decision, which I requested a copy also on February 5, 2021, but Defendants T. Moon and Muenchow has denied.

### SECOND STATEMENT OF CLAIM

On January 26, 2021, upon my Personal Property (TV) had came back in the institution, here at (WCI), upon Repair/Exchange of the first one, Defendant Walls, who are/was the Property officer, who was passing out property upon giving me my (TV), requested that I give him the other (TV), which had already been sent out on 12/14/2020, for Repair, and when I told him this, he continued to pressured me about the other (TV), when I was never provided with any receipt from the Property Room, acknowledging that they had mailed out the other (TV), and thus, I told him that it was his responsibility, as a Property officer, to have known what had happen to the other (TV) upon delivering me the new one, where he then got mad and said "I can take it a whole week and bring it back to you and then ordered that I go lock-in my cell" trying to provoke me into became up set, disrespectful, and disruptive, so that they can throw me back over in the hole, where the institution here at (WCI) is mad at me because I been successful in staying out of the hole (segregation unit) since May 5, 2020, upon being released back to the general prison's population, and thus, wanted to try and manipulate the situation to try and have me locked back up in segregation, in retaliation and harassment of me serving time here at (WCI).

Whereas on this same date, I wrote to both the Supervisor of Property and Warden, explaining the situation and instead of them telling Defendant Walls or the Property Room, to give me my property (TV), that he can't hold my TV back because the institution failed to have properly processed the information from the other TV been mailed out, they allowed him to continued to hold on to my TV and harass me, where Defendant Walls, held my TV back for 2-days and came back and said the same thing, before giving me my TV and placed a 90-day-hold on it because he said that "he couldn't find any paperwork in the Property Room that the other TV had been sent out for Repair/upon Exchange for the new one"

On January 28, 2021, I filed an Inmate complaint with the (ICE), here at (WCI), along with the copy of the Property's Receipt of the 90-day-Hold that the Defendant Walls had provided me with, presenting the same facts presented herein, Hussin, which was acknowledged by the (ICE) on January 29, 2021, as complaint No. 2021-1680-WCI.

Page-4

Whereas Defendants, T. Moon and J. Muenchow, are the Inmate Complaint Examiner (ICE), here at (WCI), who both has failure to take immediate action upon the complaint(s) that I have filed about both my TV and Earbuds that being held by the Property Room, although I presented other mitigating factors that are in my favor.

Therefore, the cause of action, or lack of that the Defendants, herein, has chose to undertake by unnecessarily having have me use the ICRS system, when all they had to do was check the record and check with the company (J.L. Marcus) where the TV came from, who would have verified that they had received the other TV for repair and had said they were thereupon, has been undertaken for purposes of "calculated harassment" unrelated to prison need by utilizing the Prison Rules and Regulations, in violation of the Plaintiff's Eighth Amendment Right Against Cruel and Unusual Punishment of the United States Constitution, which continued to place the plaintiff within imminent danger to suffer irreparable injury by the unjust deprivation of personal property to have caused harassment to the plaintiff.

Whereas Plaintiff believe strongly that the Defendants, herein, and staff, here at (WCI), are acting within a criminal conspiracy with the Court System, to purposely harass and violate his constitutional rights, described, herein, in retaliation against him, for having exercised his constitutional right(s) to a jury trial and a criminal appeal upon the state criminal conviction(s) and sentence(s) that he was sent to prison for and are being detained in custody upon, in violation(s) of First and Fourteenth Amendments of the United States Constitution.

Whereas on September 29, 2018, where Racine County Sheriff's Department and Sheriff had came to transport me to court as I was notified by the Segregation-Range Officer that I had to go to court and given five minutes to get ready, unit-Sergeant Beahm, came back to my cell to get me and at that time I told him that I had to use the bathroom and instead of him giving me another five or ten minutes to use the bathroom, he stood there right in front of my door, observing me use the bathroom the whole time and after he had got me out of my cell and put me up front in the strip cage, he continued to say something about me having had to use the bathroom before he brought me out of my cell to the Security Supervisor and when I asked him why was he keep talking about me having had to use the bathroom before he got me out of my cell, he got mad and went and cancelled me being going to court and came back and said to me that "I'm placing you back in your cell, your trip has been cancelled because of your disruptive, disrespectful behavior toward staff, although I never

-er received a Conduct Report from Sgt. Beehm, nor any other security staff here at (WCI) for disruptive conduct or disrespect.

Whereas on October 2, 2018, appointed appellate counsel, Dianne M Erickson, of Milwaukee, Wisconsin, used this same incident between me and Sgt Beehm, to have postponed and extended the court date in my case (Case Nos. 16-CF-294 + 466) for which I have continued to be illegally confined in prison upon, under the false pretense that I failure to provide updated information to the Wisconsin Sex Offender Registry upon having absconded on Extended supervision from prior conviction(s) in reference to Case No. 14-CF-110, in retaliation against me for having exercised my constitutional right(s) to a jury trial and appeal upon both criminal prosecution (APP. No. 17-616CRM; APP. Nos. 19-1951 and 1952 CRM) which both appeal were improperly dismissed by the Wisconsin State's Court of Appeals, Dist. II, Summarily, despite the facts of the case are in my favor, in contrary to Rule 809.21 (2), Wis. Stat and 28 U.S.C. § 2243 (8), Fed Stat, in violation(s) of the First and Fourteenth Amendments of the United States Constitution.

### SHORT CLAIM

Defendants, as State employees, of Department of corrections, here at (WCI) has conspired and continued to conspire within the criminal justice system, while acting under color of state law to harass, discriminate, and cause the plaintiff to be physically assaulted and battered and sexually harassed by staff and other inmates here at (WCI), as a sex offender, in retaliation against the plaintiff for him having exercised his constitutional right(s) to a jury trial and criminal appeal upon both state criminal prosecution relating to his present confinement in state custody, in direct violation(s) of the First and Fourteenth Amendments of United States Constitution, in contrary to 42 U.S.C. § 1983, Civil Rights Act, herein.

### RELIEF

Plaintiff requests that Judgment be entered against each Defendant, individually, for injunctive relief, Declaratory, and monetary damages for Punitive damages in the amount of $1,5,000,000 for the injuries incurred to the Plaintiff. Defendants be prohibited from continuing to withhold personal property of Plaintiff. Plaintiff be released from state custody immediate from upon the false allegations detained therein upon.

Dated this 8th day of February, 2021

I declare under penalty of Perjury the foregoing is true and correct

*Iwanhulis Sondeus*