IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUORDALIS SANDERS,

                Plaintiff,                              ORDER

v.                                                    21-cv-94-wmc

T. MOON, J. MUENCHOW,
K. TRENT, SGT. YORK, and
OFF. WALLS,

                Defendants.

*Pro se* plaintiff Quordalis Sanders is a state inmate incarcerated by the Wisconsin Department of Corrections at the Waupun Correctional Institution ("WCI"). Sanders has filed this proposed civil action pursuant to 42 U.S.C. § 1983, alleging that after an assault in January 2021, he was moved to a different cell and separated from his property. He requests leave to proceed with his complaint without prepayment of the filing fee (dkt. #2), that I recuse myself from this case (dkt. #2), and that the court take judicial action with respect to his confinement (dkt. #6) and this case (dkt. #9). For reasons explained below, the court is denying Sanders' motions. If Sanders wishes to proceed with the claims in this lawsuit, he must submit the entire $402 filing fee.

OPINION

Since he is incarcerated, Sanders' complaint is governed by the Prison Litigation Reform Act (the "PLRA"), which imposes certain conditions on the privilege of proceeding *in forma pauperis*. In particular, under the "three-strikes rule" found at 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while

imprisoned, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Court records confirm that, while imprisoned, Sanders has filed at least three previous civil actions that were dismissed as frivolous or for failure to state a claim: (1) *Sanders v. Shabaz, John C.*, No. 02-cv-318-bbc (W.D. Wis. July 3, 2002) (dismissed as frivolous); (2) *Sanders v. Bertrand, Daniel*, No. 02-2383 (7th Cir. March 27, 2003) (dismissing appeal as frivolous); and (3) *Sanders v. Kingston, Phillip A.*, No. 02-2944 (7th Cir. June 27, 2003) (also dismissing frivolous appeal). Because Sanders has at least three strikes against him, he may not proceed *in forma pauperis* unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Here, Sanders alleges that on January 7, 2021, his cellmate physically assaulted him, and Sanders was transported to Waupun Memorial Hospital, where he required three stitches on his forehead. Sanders alleges that he did not provoke his roommate, but he did defend himself during the assault. Upon his return to Waupun, Sanders was placed in temporary lock-up in the segregation unit for a week before he was returned to the general population unit and placed in a different cell hall with a new roommate.

On January 23, 2021, Sanders filed an inmate complaint alleging that his cellmate was harassing him, and complaining that he had not been assigned to a single cell. As to his former cellmate in particular, Sanders wrote in the inmate complaint that he had overheard him telling other inmates that inmates like Sanders (sex offenders) should not be held in general population. On January 27, 2021, defendant T. Moon, an Institution Complaint Examiner ("ICE") allegedly falsified the date that Sanders submitted the inmate

complaint and refused to address the single cell issue Sander raised in the complaint. Upon receiving Moon's decision, Sanders wrote to his sister, asking her to look into hiring a civil rights attorney to help him pursue a civil rights action related to failure to protect.

Sanders also alleges that his personal property has been improperly withheld. It appears that Sanders had a television sent out for either a repair or exchange. On January 26, 2021, Sanders went to retrieve it, but defendant Walls, a property officer, refused to provide Sanders his replacement television without Sanders turning in his old television. After a disagreement, Walls put a 90-day hold on the return of the television because they could not locate the paperwork confirming that Sanders' television had been sent out for repair. On January 28, 2021, Sanders filed an inmate complaint about his television, but defendants Moon and J. Muenchow failed to take immediate action.

More generally, Sanders claims that the Waupun officials continue to conspire with the criminal justice system to harass, discriminate against him and cause him to be physically assaulted and harassed by staff and other inmates, in retaliation for him challenging his criminal charges. However, to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini*, 352 F.3d at 330 (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Sanders' allegations do not establish that physical harm is imminent; although he notes that he was assaulted in January 2021, Sanders has not alleged that he continues to face a risk of assault. Rather,

3

his allegations of continuing harm relate to his having a roommate, separation from his personal property, and the manner in which his inmate complaints are processed, none of which suggest that he faced an imminent danger of serious physical harm at the time he filed his complaint on February 9, 2021. It follows that Sanders does not satisfy the exception found in § 1915(g), and thus he is barred from proceeding without prepayment of the full filing fee in this case. For these reasons, leave to proceed *in forma pauperis* will be denied, and the court will dismiss this case without prejudice. If Sanders submits the $402 fee by the deadline set below, the court will reopen the case.

Finally, the court is denying Sanders' three motions. *First,* Sanders asks that I recuse myself from this lawsuit, alleging that I cannot address this lawsuit because he intends to name me as a defendant in a future lawsuit, due to my handling of a prior lawsuit that demonstrated bias. Although Sanders correctly alleges that I denied him leave to proceed *in forma pauperis* in another civil action in which he sought to proceed, *Sanders v. Wisconsin Department of Corrections*, No. 15-cv-808-wmc, ruling against a litigant is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (by themselves, judicial rulings are not a sufficient basis for recusal). Seeing no basis, in law or fact, to recuse myself from resolving this matter, the court is denying this motion.

*Second*, Sanders asks that the court declare his current confinement unconstitutional and order his release from state custody. However, that motion will be denied since that form of relief is unavailable under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (exclusive federal means of seeking release from custody with respect to a state criminal conviction is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254). *Third*,

4

Sanders asks that the court take action with respect to his complaint, which will be denied as moot.

ORDER

IT IS ORDERED that:

1) Plaintiff Quordalis Sanders' motion to proceed *in forma pauperis* (dkt. #2) is DENIED.

2) Sanders' complaint is dismissed without prejudice, subject to being reopened if Sanders submits the $402 filing fee by **October 21, 2021.**

3) Plaintiff's motion for recusal (dkt. #5) is DENIED.

4) Plaintiff's other motions (dkt. ##6,9) are DENIED.

Entered this 30th day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge